UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY J. COLEMAN, JR., | 22-CV-8913 (LTS) |
| Petitioner, | |
| -against- | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURE |
| G. HEVETT, | |
| Respondent. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is proceeding *pro se*, brings this petition for a writ of *habeas corpus*. To proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. In addition, Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* 28 U.S.C. § 2242 (A *habeas corpus* petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Petitioner submitted an unsigned petition without the filing fee or an IFP application. Within thirty days of the date of this order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. In addition, Petitioner must sign and submit the attached signature page.

If Petitioner submits the IFP application and signed signature page, they should be labeled with docket number 22-CV-8913 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

2